**In re HARRELL.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–84982.

Decided Sept. 28, 1994.

*Charles Thomas McCarter*, for the applicant.

*Lee Fisher*, Attorney General, for the state.

———————

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on July 7, 1994 at 2:00 p.m. upon applicant Amy J. Harrell's November 24, 1993 objection and notice of appeal to the October 27, 1993 decision of the single commissioner.

Neither the applicant nor anyone on her behalf appeared at the hearing. The Attorney General attended the hearing and moved to waive oral argument. Following a discussion of the claim, the panel chairman granted the Attorney General's motion and concluded the hearing.

The single commissioner had denied the applicant's claim pursuant to R.C. 2743.60(A), as she failed to prove, by a preponderance of the evidence, that good cause existed for not having reported the criminally injurious conduct to an appropriate law enforcement agency within seventy-two hours after its occurrence.

R.C. 2743.60(A) states in pertinent part:

"An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which he bases his claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period."

Evidence indicates that on August 26, 1992, applicant was assaulted by Stanley Burt during the course of her employment as a security guard. Applicant allegedly reported the assault to her employer, Allied Security, Inc., shortly thereafter, but did not file a police report until September 2, 1992. The single commissioner found that even if applicant had reported the criminally injurious conduct to her employer, she failed to demonstrate that she reasonably believed that her employer had a duty to make a report and was the proper authority to whom she should report the assault.

The applicant, in her brief, argued that she believed that she had followed the proper procedure by reporting the criminally injurious conduct to her employer, a security company, that she contends should be considered a "law enforcement officer or agency." The applicant also stated that the single commissioner, pursuant to *In re Minadeo* (Oct. 31, 1980), V79–3435jud, unreported, correctly found good cause for her delay in reporting another incident for which claim No. V92–84478 was filed. Applicant had also been assaulted on June 12, 1992 by Stanley Burt and also reported that criminally injurious conduct to police on

September 2, 1992. The court in *In re Minadeo* set forth three factors to determine what constitutes a reasonable delay. The factors are as follows: (1) the effect on the applicant's ability to prove that criminally injurious conduct occurred; (2) the detrimental effect on the ability of the police to investigate a crime and who perpetrated it; and (3) the effect on the peace and dignity of the state of Ohio. In *In re Harrell* (Dec. 22, 1993), Ct. of Cl. No. V92–84478sc, unreported, the single commissioner found that the delay in reporting had no effect on the applicant's ability to demonstrate that criminally injurious conduct occurred, no detrimental effect on any police investigation, and no effect on the peace and dignity of the state of Ohio because the offender was identified, apprehended, indicted, and scheduled for trial.

The Attorney General, changing his prior position, argued at the hearing that the claim should not be denied pursuant to R.C. 2743.60(A). The Attorney General cited *In re Minadeo*, and stated that the state of Ohio has not been prejudiced, as the applicant did openly report the criminally injurious conduct and was successful in aiding in the prosecution of the offender. The Attorney General stated in his brief that Stanley Burt was the offender in the assault on June 12, 1992, for which claim No. V92–84478 was filed, and the assault on August 26, 1992, for which the present claim was filed. Burt was indicted for attempted rape and convicted of gross sexual imposition. The Attorney General argued that the reasoning applied in claim No. V92–84478 can be applied to this claim in finding that good cause existed for the delay in reporting.

From review of the file, with full consideration given to the discussion at the hearing, this panel finds that, pursuant to *In re Minadeo* and based on information disclosed by the Attorney General at the hearing, the applicant did have good cause for her delay in reporting to law enforcement authorities the criminally injurious conduct. Hence, the October 27, 1993 order of the single commissioner denying applicant's claim pursuant to R.C. 2743.60(A) is reversed. The claim is remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation addressing applicant's economic loss.

IT IS THEREFORE ORDERED THAT:

1. The October 27, 1993 order of the single commissioner is REVERSED;

2. This claim is remanded to the single commissioner for further determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation addressing applicant's economic loss;

3. The Attorney General shall file his new finding of fact and recommendation on or before November 14, 1994;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. Costs assumed by the reparations fund.

*So ordered.*

WILLIAM A. CARROLL, STEVEN A. LARSON and DALE A. THOMPSON, Commissioners, concur.